United States District Court
Southern District of Texas
**ENTERED**
July 20, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In the Black Resources, LLC, D/B/A Black Wall Street and Marye Dean, | § § § § | |
| Plaintiffs, | § § | |
| versus | § § | Civil Action H-22-732 |
| Blitz Design, Inc. D/B/A Creative Writing Hub, | § § § § | |
| Defendant. | § | |

## Opinion on Motions

1. *Background.*

In the Black Resources, LLC, D/B/A Black Wall Street is a Texas limited liability company with its principal place of business in Texas that engages with the black community. Marye Dean, its Chief Operating Officer, resides in Texas. Blitz Design, Inc., D/B/A Creative Writing Hub is a California corporation with its principal place of business in California.

Black Wall Street contracted with Blitz Design to market its book and arrange promotional events. Black Wall Street sued Blitz Design in California after it failed to perform its responsibilities under the contract, but it withdrew the case because Dean was not licensed to practice there. Black Wall Street sued Blitz Design in this court for: (a) breach of contract, (b) breach of covenant of good faith and fair dealing, (c) unjust enrichment, (d) intentional infliction of emotional distress, (e) negligence, (f) gross negligence, and (g) violations of the Texas Deceptive Trade Practices and Consumer Protection Act.

Blitz Design moved to dismiss Black Wall Street's claims for lack of personal jurisdiction and improper venue. Blitz Design also moved to strike from Black Wall Street's first amended complaint: (a) "theft," "stealing," "robbed,"

and "ripped off"; (b) "negligent" or "negligence"; (c) "billion dollar company"; (d) allegations concerning personal jurisdiction; (e) allegations concerning venue; (f) allegations and Exhibit A concerning Blitz Design's counsel; (g) exhibits that have handwritten notes, highlights, and markings; and (h) exhibits K and L. Finally, Blitz Design moved to dismiss all of Black Wall Street's and Dean's claims. It will prevail in part and fail in part.

2. Jurisdiction.

Blitz Design is subject to personal jurisdiction in Texas if it: (a) contracts by mail or otherwise with Black Wall Street or Marye Dean; and (b) either party will perform the contract in whole or in part in Texas.[1] Blitz Design is also subject to personal jurisdiction in Texas if: (a) its Internet presence is interactive with its visitors, and (b) its actions purposefully targeted the state.[2] Black Wall Street and Dean rely on *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, which the Court of Appeals narrowed and reinforced the limits of specific and general jurisdiction over Internet-based parties like Blitz Design.[3]

Blitz Design entered into two contracts with Black Wall Street. Under the contracts, Blitz Design proposed and agreed to arrange a promotional event in Houston, provide stationary and branding for the event, organize live media coverage, and more. This suggests that Blitz Design purposefully availed itself of the privilege of conducting activities in this state. Blitz Design also agreed to market Black Wall Street's book via national news platforms like Yahoo News and the Wall Street Journal.

Blitz Design's website allows visitors to enter contact information and messages, browse and purchase service plans, and interact with it on social media. A large portion of its services are online-based and target nation-wide

---

[1] Tex. Civ. Prac. & Rem. Code § 17.042.

[2] *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 318 (5th Cir. 2021); *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997).

[3] *Id.*

news outlets. These characteristics distinguish Blitz Design from other online organizations because its website is interactive and its marketing services targeted Texas. Based on the quality and nature of Blitz Design's activities, it is foreseeable that it would be subject to personal jurisdiction in Texas when it contracted with Black Wall Street.

3. *Venue.*

Venue is proper in a judicial district in which Blitz Design is subject to the court's personal jurisdiction.[4] Blitz Design is subject to this court's personal jurisdiction, so venue is proper.

    A. *Applicable Law.*

The contract between Black Wall Street and Blitz Design does not state what law applies to it. The contract also does not refer to the "Terms and Condition" on Blitz Design's website, which state that it is governed by California law. Black Wall Street and Blitz Design did not sign the "Terms and Condition" as part of their agreement, and they did not incorporate them into the operative contract.

This court applies the law of Texas to determine whether California or Texas law governs the contract.[5] Texas considers the place of contracting, negotiation, performance, subject, and domicile or incorporation when deciding which state's law governs.[6]

Blitz Design is a California business, performs a part of its services in California, and received Black Wall Street's payments in California. Black Wall Street has not stated that Texas law should apply, which indicates that it agrees with Blitz Design that California law applies. Under Texas law, California law applies to the claims related to the contract.

---

[4] 28 U.S.C. § 1391(b)(3).

[5] *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941).

[6] *Maxus Exploration Co. v. Moran Bros., Inc.*, 817 S.W.2d 50, 53 (Tex. 1991).

B.   *Transfer Venue.*

For the convenience of Blitz Design, Black Wall Street, and Dean, and in the interest of justice, this case may be transferred to the United States District Court for the Northern District of California.[7] The court reviewed and will not take judicial notice of Black Wall Street's and Dean's in-state witnesses. Black Wall Street and Dean sued Blitz Design in Texas so that Dean could represent both herself and Black Wall Street.

Blitz Design is a California business, and it performs most of its services in California. All of its employees, witnesses, and counsel are in California, and California law applies in this case and governs the contract. A California court is best suited to interpret California law. This case will be transferred to the United States District Court for the Northern District of California.

4.   *Motion to Strike.*

To succeed on its motion, Blitz Design must show that the language, allegations, and exhibits it asks this court to strike are immaterial to Black Wall Street's claims. An insufficient defense or redundant, immaterial, impertinent, or scandalous matter may be struck from a pleading.[8] Allegations that are so unrelated to Black Wall Street's claims and prejudicial to Blitz Design also may be struck.[9] Blitz Design's evidentiary objections are premature and may not be considered under its motion to strike.

A.   *Theft, Stealing, Robbed, and Ripped Off.*

Black Wall Street says that Blitz Design stole its money, robbed and ripped it off, and committed theft. It claims that its statements are directly related to Blitz Design's fraud and mistake.

Blitz Design says these words prejudice it and are scandalous. It is correct. These statements are legal conclusions and are immaterial to its claims against

---

[7] 28 U.S.C. § 1404(a).

[8] Fed. R. Civ. P. 12(f).

[9] *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962).

Blitz Design. The words "theft," "stealing," "robbed," and "ripped off" will be struck from Black Wall Street's first amended complaint.

B.   *Negligent and Negligence.*

Black Wall Street says that Blitz Design was negligent because it breached its duty to perform under the contracts and did not refund Black Wall Street's payments. Blitz Design states that "negligence" and "negligent" should be struck because Black Wall Street has not pleaded grounds for relief.

Black Wall Street's negligence and gross negligence claims are causes of action as pleaded, and their dismissal is more appropriately considered under Blitz Design's motion to dismiss. The negligence and gross negligence claims are not prejudicial characterizations of Blitz Design, so they will not be struck from Black Wall Street's first amended complaint.

C.   *Billion Dollar Company.*

Black Wall Street states that Blitz Design is a "billion dollar company." It says that the phrase is directly related to Blitz Design's fraud and mistake. Blitz Design says that Black Wall Street baselessly claims that it is a billion dollar company and that the phrase is immaterial to its claims. It is correct.

"Billion dollar company" prejudicially characterizes Blitz Design and is unsupported and immaterial to Black Wall Street's claims against it, so it will be struck from the first amended complaint.

D.   *Personal Jurisdiction.*

Black Wall Street states that this court has personal jurisdiction over Blitz Design because of the nature of its online services. Blitz Design says that its claims about personal jurisdiction should be struck because the facts in this case are distinguishable from other cases. Black Wall Street's explanation that this court has personal jurisdiction over Blitz Design will not be struck from its first amended complaint because it is material to its claims against Blitz Design.

E.   *Venue.*

Black Wall Street claims that venue is proper in this court because Blitz Design is subject to this court's personal jurisdiction. Blitz Design says that this language should be struck because it is not appropriately argued in a complaint. Black Wall Street's explanation that venue is proper in this court will not be

struck from its first amended complaint because it is material to its claims against Blitz Design.

F.   *Blitz Design's Counsel.*

Black Wall Street says that Blitz Design's counsel is unethical. In Exhibit A, it gives emails about counsel stating that she failed to satisfy California's meet and confer requirement. It states that this material directly related to Blitz Design's fraud and mistake. Blitz Design claims that the statements and exhibit about its counsel are scandalous and immaterial to the legal issues of the case. It is correct. Black Wall Street's statements and exhibit about Blitz Design's counsel will be struck from its first amended complaint. Personal opinions have no place in the pleadings.

G.   *Exhibits with Handwritten Notes, Highlights, and Markings.*

Black Wall Street submitted exhibits with handwritten notes, highlights, and markings. It says that the first amended complaint was verified by Dean, which authenticates the exhibits as her first-hand personal knowledge. Blitz Design states that the comments are impertinent, make legal conclusions, and are prejudicial.

The handwritten notes, highlights, and markings go beyond the short, plain, and factual statement required and draw unnecessary attention to prejudicial facts. Passionate pleading is not the standard. Exhibits A through M will be struck from Black Wall Street's first amended complaint.

H.   *Exhibits K and L.*

Black Wall Street submitted two transcripts of calls with Blitz Design as exhibits. It says that the transcripts relate to Blitz Design's fraud and mistake. Blitz Design claims that the transcripts are prejudicial because the source and authenticity of the recordings are in dispute, so they should be struck from Black Wall Street's first amended complaint. This court agrees.

Exhibits K and L do not indicate who says which statements in the transcript or whether they were recorded with consent. Exhibits K and L will be struck from Black Wall Street's first amended complaint.

5.  *Conclusion.*

Blitz Design, Inc. D/B/A Creative Writing Hub's motion to dismiss for lack of personal jurisdiction and improper venue will be denied.

The following will be struck from In the Black Resources, LLC, D/B/A Black Wall Street's first amended complaint: (a) "theft," "stealing," "robbed," and "ripped off"; (b) "billion dollar company"; (c) allegations and Exhibit A concerning Blitz Design's counsel; and (d) exhibits A through M.

This case will be transferred to the United States District Court for the Northern District of California.

Signed on July **20**, 2022, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge